# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> BLUESKY EAGLE CAPITAL MANAGEMENT LTD., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No. 25-CV-9507 (AS)

## [~~PROPOSED~~] DEFAULT JUDGMENT

WHEREAS, on November 13, 2025, the Commission filed its Complaint against Defendant Bluesky Eagle Capital Management Ltd. ("Bluesky Eagle") alleging that it made material misrepresentations and statements that could not be substantiated in its Form ADV filed with the Commission and made available to the public on December 12, 2023 (Dkt. No. 1).

WHEREAS, on December 1, 2025, the Commission served Bluesky Eagle under N.Y. Bus. Corp. Law § 306(b)(1) and N.Y. C.P.L.R. § 311(a)(1).

WHEREAS, pursuant to Federal Rules of Civil Procedure 4 and 12(a), the deadline for Bluesky Eagle to answer or otherwise respond to the Complaint was December 22, 2025.

WHEREAS, on January 2, 2026, the Commission applied for a clerk's certificate of default as to Bluesky Eagle based on its failure to appear in this litigation or answer the Commission's Complaint (Dkt. No. 12).

WHEREAS, in accordance with Fed. R. Civ. P. 55, the Clerk of Court entered default on January 5, 2026 (Dkt. No. 13).

WHEREAS, the Court accepts as true the factual allegations of the Complaint against Bluesky Eagle, who has defaulted, and finds that:

1.      The Court has jurisdiction over this action under Sections 209(d), 209(e) and 214 of the Investment Advisers Act of 1940 ("Advisers Act"). [15 U.S.C. §§ 80b-9(d), 80b-9(e), 80b-14].

2.      Defendant Bluesky Eagle made use of the means or instrumentalities of interstate commerce or of the mails to engage in the conduct alleged in the Complaint.

WHEREAS, the Commission has applied, under Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2, for the entry of this Final Judgment based on Defendant Bluesky Eagle's failure to answer or otherwise respond to the Commission's Complaint, and the Court having considered the prima facie case for relief shown by the Commission's Complaint, and the memorandum of law in support of the Commission's Application for Default Judgment, which showing has not been rebutted by Defendant Bluesky Eagle.

NOW THEREFORE, BASED ON THE FOREGOING:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 204(a) of the Advisers Act [15 U.S.C. § 80b-4(a)] by failing to make its books and records available to the Commission.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 207 of the Advisers Act [15 U.S.C. § 80b-7] by using the mails, and the means and instruments of interstate commerce, directly and indirectly, to willfully make untrue statements of material fact in, and omit to state material facts required to be stated in, reports filed with the Commission.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 209(d) of the Advisers Act [15 U.S.C. §80b-9(d)] and Section 21(d)(5) of the Securities Exchange Act of 1934 [15 U.S.C. §§ 78u(d)(5)], Bluesky Eagle, its owners, and its executive officers, are permanently restrained and enjoined from filing a Form ADV as an Exempt Reporting Adviser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $1,182,254 to the Securities and Exchange Commission pursuant to Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)]. Defendant shall make this payment within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Bluesky Eagle as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for penalties by the use of all

collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post-judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 USC § 1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: ____February 11__ , 2026

It is further ORDERED that Plaintiff serve Defendant through its designated agent with this judgment, and also serve Defendant through any available email address that the Defendant has identified as using.

_____
ARUN SUBRAMANIAN
UNITED STATES DISTRICT JUDGE

5